**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>        Petitioner,<br><br>    v.<br><br><br>KELLY MARTINEZ, Sheriff of San Diego County, Official Capacity; SAN DIEGO SUPERIOR COURT;<br><br>        Respondents. | Case No.:  3:26-cv-0715-BTM-AHG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**[ECF NO. 1, 2]** |

On January 27, 2026, Petitioner Derrick Johnson, currently incarcerated at the San Diego Central Jail and proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States Court of Appeals for the Ninth Circuit "that challenges Johnson's criminal proceedings in San Diego County Superior Court case no. SCD310890" along with a motion to proceed in forma pauperis.  (*See* ECF No. 1-3) (copy of Ninth Circuit Order); (*see* ECF Nos. 1, 2) (Petition and in forma pauperis motion); *see also Johnson v. Martinez, et al.*, No. 26-543 (9th Cir. Feb. 2, 2026) (case docket).  On February 2, 2026, the Ninth Circuit issued an Order directing the transfer of this habeas Petition and motion to this Court "for whatever consideration that court deems

26-cv-715

appropriate," citing Federal Rule of Appellate Procedure 22(a) and 28 U.S.C. §§ 1631 & 2241(b), and stated that: "This transfer order is issued without regard to whether petitioner's claims have any merit, or satisfy applicable procedural requirements." (ECF No. 1-3, at 1–2.) The Ninth Circuit also directed that: "The petition is deemed filed on January 16, 2026, the date it was signed." (*Id.* (citing *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014)).) On February 5, 2026, this case was opened as directed. (*See generally* docket.)

For the reasons discussed below, the Court **DENIES** the motion to proceed in forma pauperis and **DISMISSES** the case without prejudice.

### MOTION TO PROCEED IN FORMA PAUPERIS

A motion to proceed in forma pauperis made by a state prisoner must include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." R. 3(a)(2), Rules Governing § 2254 Cases (2019) [hereinafter Habeas Rules]; *see also* S.D. Cal. Civil Local Rule 3.2 [hereinafter CivLR]. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." CivLR 3.2; *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has submitted an affidavit stating that he is "unable to pay or give security for fees and costs," (*see* ECF No. 2, at 1), Petitioner has failed to provide the Court with the required financial information necessary to evaluate this motion, i.e. the prison certificate or the certified copy of his trust fund account statement, (*see generally* ECF No. 2.) Because Petitioner has not provided the Court with the required financial information, the Court is unable to determine whether he qualifies to proceed in forma pauperis. Accordingly, the Court **DENIES** the motion without prejudice to resubmission.

Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, this habeas case is subject to dismissal without prejudice.  *See* Habeas Rules 3(a).

## FAILURE TO USE PROPER FORM

A Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court of the Southern District of California.  *See* Habeas Rules 2(d).  To comply with the Local Rules, petitions must be submitted on a court-approved form and in accordance with the instructions approved by the Court.  *Id.*; CivLR HC.2(b).

Petitioner has not submitted this Petition on the proper form nor in accordance with the local rules of this District.  Therefore, the Petition is also subject to dismissal on this ground.

## BASIS FOR PETITION

It is also unclear from an initial review of the Petition both whether Petitioner is currently in custody pursuant to the judgment of a state court and whether such detention, rather than perhaps pre-trial detention, is the subject of the present challenge.  While Petitioner specifically alleges that he is "in custody (pursuant to the judgment of a state court)" in violation of the United States Constitution (ECF No. 1, at 2), he also alleges the San Diego Sheriff and California Superior Court "held and continues to hold applicant to answer for a otherwise infamous crime without being on a presentment or indictment of a grand jury" in violation of the Fifth Amendment.  (*Id.*)  Petitioner references two separate criminal proceedings, case number PLAY7574 and case number CD310890; while his contentions lack specifics and clarity, Petitioner appears to contend he was convicted and sentenced to an unspecified term of imprisonment in the former case on December 12, 2025, and has been "held" in the latter case since December 11, 2025.  (*Id.*)

Meanwhile, the San Diego County Sheriff's Department's website reflects that Petitioner was arrested by San Diego State University, was booked on October 30, 2025, is being held on $50,000 bail, and one of two cases Petitioner cites, San Diego Superior

26-cv-715

Court case number SCD310890, is set to be heard in San Diego Superior Court on February 23, 2026, on what appears to be a felony charge of failure to register pursuant to California Penal Code § 290.018(b). *See Sheriff's Who Is in Jail*, San Diego Cnty. Sheriff's Dep't, https://apps.sdsheriff.net/wij/wij.aspx [https://perma.cc/U5MJ-LJDS] (last visited Feb. 11, 2026). The same website also reflects that Petitioner was at some point sentenced to "local custody" with a projected release date of January 18, 2026. *See id.* At present, it is currently well past January 18, 2026, and Petitioner does not indicate whether he is currently being held *solely* on the pending charges in case number SCD310890 or whether he is also currently incarcerated for another reason, such as pursuant to a separate judgment of conviction.

Given the available electronic information and the lack of specificity provided in the Petition as to the grounds for Petitioner's current custody, it is presently unclear whether a federal habeas challenge to his current detention is properly brought under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. As the Ninth Circuit has explained:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (alteration in original)).

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

To the extent Petitioner seeks to challenge the constitutionality of a pre-trial detention, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

### CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the case without prejudice.  To the extent Petitioner contends he is in custody pursuant to a state court judgment and seeks to challenge the constitutionality of that custody, in order to re-open and proceed with this case, Petitioner must submit, no later than **April 13, 2026**, both (1) a completed Petition form AND (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee.  To the extent Petitioner instead contends he is *not* currently in custody pursuant to a state court judgment and seeks to challenge the constitutionality of that state custody, Petitioner must instead file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which will be given a different case number.

*For Petitioner's convenience, the Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application, a blank 28 U.S.C. § 2241 Habeas Petition form, and a blank 28 U.S.C. § 2254 Habeas Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated:  February 23, 2026

Honorable Barry Ted Moskowitz
United States District Judge

5

26-cv-715